IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. **15-60977-PMB** |
| **David Vincent Dubiansky**, | ) | |
| DEBTOR. | ) | CHAPTER 13 |
| | ) | |

### APPLICATION FOR COMPENSATION

COMES NOW King & King Law LLC, counsel of record for David Vincent Dubiansky, Debtor in the above-styled case, and files this Application for Compensation and respectfully represents the following:

1.

Debtor filed the instant Chapter 13 Bankruptcy on June 12, 2015. His 341 Meeting of Creditors was held and concluded on July 28, 2015. His confirmation hearing was scheduled for August 27, 2015, and was continued at that hearing to October 8, 2015. However, on September 1, 2015, Debtor's case was dismissed for failure to pay his final filing fee installment.

2.

Pursuant to the Attorney-Client Agreement agreed to and signed by Debtor, pursuant to the Disclosure of Compensation of Attorney for Debtor (Bankruptcy Rule 2016(b) statement), and pursuant to Paragraph 4(B) of the Chapter 13 plan, Counsel is entitled to a base fee of $3,400 for representation in this Chapter 13 case.

3.

Prior to the dismissal of this case, Debtor paid $533.10 to the Chapter 13 Trustee through an Employer Deduction Order. The Trustee has paid a total of $0.00 in adequate

protection payments due to the fact that the alloted creditor, Carmax, has not filed a proof of claim, and has paid himself $29.34 for his fees in the case. The remaining balance on hand is $503.76 as of the date of filing of this Application. Counsel understands, however, based on the Trustee's Motion for Direction that there is $117.50 of unpaid filing fees which would be paid prior to Counsel's fees. That leaves a balance of $386.26 due to Counsel for fees in this case.

4.

Pursuant to Paragraph 4(B)(2) of Debtor's plan, if the case is dismissed prior to confirmation, "the Trustee shall pay fees to Debtor's attorney from the proceeds available and paid into the office of the Trustee by Debtor or on Debtor's behalf, all funds remaining, not to exceed $3,400, after payment of any unpaid filing fees, Trustee's fees and expenses, and adequate protection payments, if applicable." Counsel asserts that the amount of $386.26 is reasonable based on the circumstances of this case, and requests that the Trustee be ordered to disburse the same to Counsel.

5.

The attorney's fees are administrative expenses under 11 U.S.C. Section 503(b)(2), which expressly allows as administrative expenses items listed in 11 U.S.C. Section 330(a). Under Section 330(a)(4)(B), "reasonable compensation to the debtor's attorney for representing the interests for the debtor in connection with the bankruptcy case," is allowed as an administrative expense. 11 U.S.C. §330(a)(4)(B). Following Section 1326(a)(2), "the trustee *shall* return any such payments not previously paid and not yet due and owing to creditors...to the debtor, *after deducting any unpaid claim allowed under section 503(b).*" 11 U.S.C. §1326(a)(2), emphasis added.

6.

In determining the reasonableness of attorney's fees, the Court should look no further than whether or not the fees have been objected to. As Judge Bonapfel noted following the adoption of General Order 6-2006 regarding paying debtor's counsel:

> "When…the circumstances indicate that a proposed flat fee covering all services that are likely to be required in the case falls within the range of reasonableness, the lawyer has met the burden of demonstrating its reasonableness. The Court cannot fairly reduce it in the absence of an objection that articulates reasons that it is excessive and provides the Court with an appropriate basis for disallowing it in whole or in part." *In re Hayes*, 2007 Bankr. LEXIS 2194 (Bankr. N.D. GA 2007).

In this case, no objection has been filed to articulate why the fees agreed to by Debtor and Counsel should be disallowed. As such, the payment of $386.26 to Counsel for Debtor should be deemed reasonable without further inquiry.

7.

As this case was dismissed prior to confirmation, Sections 1326(a)(2), 503(b)(2), and 330(a)(4)(B) apply. The application of these sections requires that the Trustee be ordered to remit any remaining funds to Debtor *after* making payments to both adequate protection and administrative expenses. Since the amount of fees agreed to by Debtor and Counsel represent reasonable fees for representation, the result in this case is that the Trustee is to remit $386.26 to Counsel for the representation of Debtor in this case.

8.

Pursuant to Bankruptcy Rule 2016, Counsel asserts that 1) no fees have been received by applicant to date; 2) any and all fees promised to applicant were agreed to be paid by the debtor from payments made to Chapter 13 Trustee pursuant to the Chapter 13 Plan; 3) no compensation

has been shared with any other entity.

9.

In the alternative and as a supplement to the above, pursuant to Bankruptcy Rule 2016, Counsel has attached as Exhibit A, a detailed statement regarding the services provided and time spent on those services. Counsel reminds the Court that we do not bill on an hourly basis for anticipated services as listed in the 2016(b) statement filed with the Court, instead Counsel and Debtor agreed on a flat fee, pursuant to General Order 6-2006. As such, the times referenced in the supplement are Counsel's estimation based on a careful review of the Debtor's case and internal file.

WHEREFORE, King & King Law LLC prays for an order granting its Application for Compensation as set forth above.

Respectfully submitted,
King & King Law LLC


/s/
John Brookhuis
GA Bar #940484
King & King Law LLC
215 Pryor Street
Atlanta, Georgia 30303
(404) 524-6400
*notices@kingkingllc.com*
**Attorney for Debtor**

# EXHIBIT

# A

UNITED STATES BANKRUPTCY COURT
Northern District of Georgia
ATLANTA Division

IN RE: ) CASE NO. 15-60977-PMB
David Vincent Dubiansky, )
    Debtor. ) CHAPTER 13

Fee Supplement Detailing Time Spent on All Services

| Date | Task | Minutes | Atty/Paralegal |
|---|---|---|---|
| 6/12/2015 | Intake Meeting. | 150 | Attorney |
| 6/12/2015 | Final preparation and filing of petition. | 30 | Attorney |
| 6/12/2015 | Faxed notices to secured creditors, primarily the car creditor to stop repossession. | 15 | Paralegal |
| Various dates | Creation, organization and filing of client's file folder; sending tax returns to the Trustee; Filing of plan, credit counseling certificate, pay advices. | 60 | Paralegal |
| Various dates | Phone calls to Debtor regarding filing fee installment payments. | 60 | Paralegal |
| 7/28/2015 | Appearance at scheduled 341 meeting which was held and concluded. | 60 | Attorney |
| Various dates | Phone calls/email and letters to Debtor regarding objections to confirmation. | 45 | Paralegal |
| Various dates | Phone calls/email and letters to Debtor regarding objections to confirmation. | 15 | Attorney |
| Various dates | Drafting amendments to plan and schedules. | 30 | Attorney |
| 8/27/2015 | Attendance at confirmation hearing. | 60 | Attorney |
| Various dates | Service of process. | 60 | Paralegal |

|  | Minutes | Fee |
|---|---|---|
| Total Paralegal Time: | 240 | $460.00 |
| Total Attorney Time: | 345 | $1,437.50 |
| Total Fee: |  | $1,897.50 |

Attorney Time, Per Hour = $250
Paralegal Time, Per Hour = $115

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. **15-60977-PMB** |
| **David Vincent Dubiansky,** | ) | |
| DEBTOR. | ) | CHAPTER 13 |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify, under penalty of perjury, that I am more than eighteen years of age and that on this day I served a copy of the within Application for Compensation upon the following and upon the parties in the attached matrix by depositing a copy of the same in U.S. Mail with sufficient postage affixed thereon to ensure delivery to:

David Vincent Dubiansky
815 S. Cobb Dr. SE, Unit 1209
Marietta, GA 30060

Adam M. Goodman, Chapter 13 Trustee
260 Peachtree Street NW, Suite 200
Atlanta, GA 30303
Via email: mail@13trusteeatlanta.com

Guy Gebhart, Acting United States Trustee
362 Richard B. Russell Building
75 Spring Street, SW
Atlanta, GA 30303

This 30th day of October, 2015.

By: /s/
John Broekhuis
GA Bar # 940484
King & King Law LLC
215 Pryor Street
Atlanta, Georgia 30303
(404) 524-6400
*notices@kingkingllc.com*
**Attorney for Debtor**

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113E-1<br>Case 15-60977-pmb<br>Northern District of Georgia<br>Atlanta<br>Fri Oct 30 11:42:40 EDT 2015 | AMERICAN EXPRESS<br>PO BOX 981537<br>EL PASO, TX 79998-1537 | AT&T Mobility II LLC<br>c/o AT&T Services, Inc<br>Karen A. Cavagnaro - Lead Paralegal<br>One AT&T Way, Room 3A104<br>Bedminster, NJ 07921-2693 |
| AT&T Mobility II LLC<br>c/o AT&T Services, Inc<br>Karen Cavagnaro, Paralegal<br>One AT&T Way, Room 3A104<br>Bedminster, NJ 07921-2693 | American Express Bank, FSB<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | (p)BANK OF AMERICA<br>PO BOX 982238<br>EL PASO TX 79998-2238 |
| BRIGHT HOUSE NETWORKS<br>C/O CRD PRT ASSO<br>0 ONE GALLERIA TOWER 13355 NOEL RD<br>DALLAS, TX 75240 | CACH, LLC<br>4340 S. Monaco Street,2nd Floor<br>Denver, CO 80237-3485 | CAPITAL ONE BANK USA NA<br>PO BOX 30281<br>SALT LAKE CITY, UT 84130-0281 |
| CARMAX AUTO FINANCE<br>2040 THALBRO ST<br>RICHMOND, VA 23230-3200 | Capital One Bank (USA), N.A.<br>PO Box 71083<br>Charlotte, NC  28272-1083 | David Vincent Dubiansky<br>815 S. Cobb Dr. SE<br>Unit 1209<br>Marietta, GA 30060-3177 |
| Florida Hospital Orlando<br>Po Box 538800<br>Orlando, FL 32853-8800 | GENESIS/FEB-RETAIL<br>PO BOX 4499<br>BEAVERTON, OR 97076-4499 | (p)GEORGIA DEPARTMENT OF REVENUE<br>COMPLIANCE DIVISION<br>ARCS BANKRUPTCY<br>1800 CENTURY BLVD NE SUITE 9100<br>ATLANTA GA 30345-3202 |
| Adam M. Goodman<br>Adam M. Goodman, 13 Trustee<br>Suite 200<br>260 Peachtree Street<br>Atlanta, GA 30303-1236 | IRS<br>Centralized Insolvency Opera<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Karen King<br>King & King Law LLC<br>215 Pryor Street<br>Atlanta, GA 30303-3748 |
| Midland Credit Management,Inc<br>as agent for MIDLAND FUNDING LLC<br>PO Box 2011<br>Warren, MI 48090-2011 | Midland Funding LLC<br>Midland Credit Management,Inc<br>as agent for MIDLAND FUNDING LLC<br>PO Box 2011<br>Warren, MI 48090-2011 | OAK RAMBLE<br>C/O RNT DEBT<br>PO BOX 171077<br>NASHVILLE, TN 37217-8077 |
| RENTDEBT AUTOMATED COLLECTIONS<br>P.O. BOX 171077<br>NASHVILLE, TN 37217-8077 | Recovery Management Systems Corporation<br>25 S.E. 2nd Avenue, Suite 1120<br>Miami, FL 33131-1605 | Synchrony Bank<br>c/o Recovery Management Systems Corp<br>25 SE 2nd Avenue, Suite 1120<br>Miami, FL 33131-1605 |
| T-Mobile<br>C/O AMSHER COLL<br>600 BEACON PKWY WE 300<br>BIRMINGHAM, AL 35209-3120 | U. S. Attorney<br>600 Richard B. Russell Bldg.<br>75 Spring Street, SW<br>Atlanta GA 30303-3315 | VERIZON<br>500 TECHNOLOGY DR 300<br>WELDON SPRING, MO 63304-2225 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
BANK OF AMERICA                         Georgia Department of Revenue
PO BOX 982235                           1800 Century Blvd NE Suite 910
EL PASO, TX 79998                       Atlanta, GA 30321
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)Adam M. Goodman                      End of Label Matrix
Adam M. Goodman, 13 Trustee             Mailable recipients    26
Suite 200                               Bypassed recipients     1
260 Peachtree Street                    Total                  27
Atlanta, GA 30303-1236
```